**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM & JIN NAM, individually, and WILLIAM NAM as the personal administrator of the ESTATE OF MATTHEW NAM, decedent, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| U.S. XPRESS, INC., a Nevada Corporation, U.S. XPRESS LEASING, INC., a Nevada Corporation, U.S. XPRESS ENTERPRISES, INC., a Nevada Corporation, SANDRA PATTERSON, individually and as an agent and employee of U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., AND U.S. XPRESS ENTERPRISES, INC., and JOHN DOE ENTITIES & INDIVIDUALS, (1-3), | : : : : : : : : : : : : : : | CIVIL ACTION NO. 1:10-CV-3924-AT |
| Defendants. | : : | |

## <u>ORDER</u>

This matter is before the Court on Defendant Patterson's motion to dismiss [Doc. 2], Plaintiffs' motion to remand to state court [Doc. 4], Defendants' motion to supplement and amend their notice of removal [Doc. 5], Plaintiffs' motion to

strike defendants' motion to supplement and amend their notice of removal [Doc. 7], Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406, and Defendants' motion for leave to file sur-reply in support of motion to transfer venue, [Doc. 23]. The Court's rulings and conclusions are set forth below.

## I. Background

### A. Factual Allegations

### 1. The Parties

This is a wrongful death action arising from a collision between a tractor-trailer and an automobile that occurred on Interstate 75 in Bradley County, Tennessee. (Compl. ¶¶ 15, 17.) Plaintiffs are the surviving parents of the decedent, Matthew Nam. Id. at ¶ 2. According to Plaintiffs, although Matthew Nam was a citizen and resident of Georgia, he lived in Tennessee while serving as a volunteer youth chaplain at the University of Tennessee and taking courses at Southern Adventist University. Id. at ¶¶ 11-14. Matthew Nam collided with the rear of a tractor-trailer driven by Defendant Sandra Patterson, an employee of U.S. Xpress. Id. at ¶¶ 22-23, 28. Matthew Nam died from his injuries "due to the force and severity of the collision" at Erlanger Medical Center in Tennessee. Id. at ¶ 25.

AO 72A
(Rev.8/82)

Plaintiffs William and Jin Nam are citizens and residents of the State of Georgia.[1] Defendants U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc. are Nevada corporations that maintain their principal place of business in Tennessee. Defendant U.S. Xpress Leasing, Inc. is a Tennessee corporation that maintains its principal place of business in Tennessee. Id. at ¶¶ 3-5. Defendant Sandra Patterson is a citizen and resident of the State of Tennessee. Id. at ¶ 7.

## 2.    Facts Giving Rise to this Action

Plaintiffs allege that, during the time period relevant to this action, Sandra Patterson operated a tractor-trailer on behalf of Defendants U.S. Xpress. Id. at ¶¶ 7, 63. According to Plaintiffs, Defendant Patterson works at the U.S. Xpress facility in Tunnel Hill, Georgia where she regularly reports to work and picks up her tractor-trailer owned by the U.S. Xpress Defendants. Id.

Plaintiffs allege that on April 15, 2010, Matthew Nam was driving his vehicle within the posted speed limit in the right lane on Interstate 75 in Bradley County, Tennessee. Id. at ¶¶ 17-18. According to Plaintiffs, as Defendant Patterson approached a temporary weigh station near mile marker 23, she attempted to move into the emergency lane area at the end of a line of other tractor-trailers that were backed into oncoming traffic on Interstate 75. Id. at ¶ 19.

---

[1]     This is not disputed by Defendants.

AO 72A
(Rev.8/82)

Plaintiffs allege that Defendant Patterson's tractor-trailer was partially in the right lane in violation of signs posted by the Tennessee Department of Transportation directing trucks to bypass the weigh station when full. Id. at ¶¶ 19-20. According to Plaintiffs, Matthew Nam attempted to move into the left lane to avoid Defendant Patterson's tractor-trailer, but could not due to traffic, and was unable to avoid the collision because Defendant Patterson's tractor trailer was obstructing his lane of travel. Id. at ¶¶ 22-24.

Prior to the collision, Plaintiffs allege that Defendant Patterson failed to conduct a proper pre-trip inspection of her tractor-trailer the morning of April 15, 2010. Id. at ¶ 31. Plaintiffs further allege that Defendant Patterson should have seen Matthew Nam's vehicle approaching in her on-board rearview camera system and attempted to move out of his lane of travel. Id. at ¶ 36. Plaintiffs allege that visibility was clear and that no other weather conditions were present that would have obstructed Defendant Patterson's ability to safely maneuver and operate her vehicle or her ability to see the posted signs in advance of the weigh station. Id. at ¶¶ 37-38. According to Plaintiffs, Defendants were negligent in inspecting Patterson's tractor-trailer on the day of the collision and that it should not have been on the road that day and that "but for" Defendants' tractor-trailer obstructing the right lane of Interstate 75, the collision would have never occurred. Id. at ¶¶

AO 72A
(Rev.8/82)

56, 60.  Matthew Nam died as a result of the physical injuries sustained in the collision and was survived by his parents as his sole heirs.  Id. at ¶¶ 62, 64.

## B.    Procedural Background

Plaintiffs filed their complaint in the State Court of Gwinnett County on November 3, 2010.[2]  (Doc. 1-1.)  Plaintiffs seek damages of $5,000,000 for the full value of the life of Decedent Matthew Nam.  Further, the Estate of Matthew Nam seeks damages for pre-death pain and suffering, funeral and burial expenses, last medical expenses, and other related damages.

On December 1, 2010, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a) on the basis of diversity jurisdiction. (Doc. 1.)  Defendant Sandra Patterson filed a motion to dismiss for lack of personal jurisdiction on December 8, 2010.  (Doc. 2.)  Defendant Patterson argued that, as a resident of Tennessee with nominal contacts with the State of Georgia, the exercise of jurisdiction by this Court over her is improper under the Georgia long-arm statute and the due process clause of the U.S. Constitution.

Plaintiffs filed a motion to remand the case to state court on December 10, 2010, arguing that Defendants failed to follow the procedural requirements of 28

---

[2]      Gwinnett County assigned the action Civil Action File No. 10c 14767 6.

AO 72A
(Rev.8/82)

U.S.C. § 1447 by filing with their notice of removal a copy of all process, pleadings and orders served upon them in the court below. (Doc. 4.)

Defendants also filed a motion to transfer venue on December 21, 2010. (Doc. 9.) Defendants contend that a transfer of venue to the Eastern District of Tennessee is proper pursuant to 28 U.S.C. § 1406 because this Court lacks personal jurisdiction over all Defendants. Alternatively, Defendants assert that the court should transfer venue pursuant to 28 U.S.C. § 1404 because the Eastern District of Tennessee is a more convenient forum for resolution of this action.

## II.    Discussion

### A.    Plaintiffs' motion to remand

A defendant may remove an action from state court to federal court so long as the federal court would have originally had federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). Federal district courts are courts of limited jurisdiction and, as such, the Eleventh Circuit requires remand of removed cases where federal jurisdiction is not absolutely clear. See Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (1994). "In deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." Id.

AO 72A
(Rev.8/82)

In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and the parties to the action must be diverse. 28 U.S.C. § 1332. There is no question that Plaintiffs could have filed suit in this Court originally on the basis of diversity jurisdiction. Plaintiffs' claims for damages and compensation in excess of $5,000,000 far exceed the amount in controversy. Further, Plaintiffs and Defendants are all citizens of different states. Accordingly, Defendants' removal of this case is permissible.

Plaintiffs do not seek remand on the grounds this Court lacks original federal jurisdiction. Rather, Plaintiffs argue Defendants' failure to strictly comply with 28 U.S.C. § 1446(a) renders Defendants' removal procedurally and fatally defective. This statutory provision prescribes the procedures for removing a case from state court:

> A defendant or defendants ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The notice of removal must be filed by the defendant within thirty days of receiving, through service or otherwise, a copy of the complaint. 28 U.S.C. § 1446(b).

AO 72A
(Rev.8/82)

Plaintiffs filed their motion to remand pursuant to 28 U.S.C. § 1447(c) which

provides in relevant part:

> A motion to remand the case on the basis of any defect other than
> lack of subject matter jurisdiction must be made within 30 days after
> the filing of the notice of removal under section 1446(a). If at any
> time before final judgment it appears that the district court lacks
> subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "[Section] 1447(c) implicitly recognizes two bases upon

which a district court may – and in one case must – order a remand: when there is

(1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject

matter jurisdiction." Snapper, Inc. v. Redan, 171 F.3d 1249, 1252-1253 (11th

Cir.1999). The "defect" noted in Section 1447(c) refers to the failure to follow

statutory removal procedures, typically a lack of compliance with either the filing

requirements set forth in Section 1446(a) or the timeliness requirements set forth in

Section 1446(b). Id.

According to Plaintiffs, Defendants' failure to include with their notice of

removal the summons or process issued by the Court on all defendants, discovery,

and other documents served on Defendants contained in the state court record is a

fatal, non-amendable defect that mandates remand. Defendants have moved to

supplement and amend their notice of removal to cure any alleged or actual

procedural deficiencies. (Doc. 5.) Defendants do not concede that their notice of

AO 72A
(Rev.8/82)

removal was deficient for failure to attach copies of all the documents referenced in Plaintiffs' motion to remand. Instead Defendants contend that the notice of removal was in compliance with 28 U.S.C. § 1446(a) because (1) Defendant Patterson attached to the notice all "process, pleadings, and orders" served upon her; (2) the other Defendants merely joined in Defendant Patterson's removal implying they are not bound by the filing requirements; and (3) Defendants are not required to attach discovery to properly remove a case from state court.

This Court has found no authority to support Defendants' contention that multiple defendants can rely on a single defendant's compliance with 28 U.S.C. § 1446(a). The statute states that "[a] defendant or defendants ... shall file ... a copy of all process, pleadings, and orders served upon such defendant or defendants ..." 28 U.S.C. § 1446(a). With regard to the removal procedure, this circuit follows the "rule of unanimity," requiring that all defendants join in a removal petition or consent to removal in cases involving multiple defendants. Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir.2001); In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th Cir.1993). Contrary to Defendants' implication that the notice of removal in this case was filed solely on behalf of Sandra Patterson, the notice expressly states: "COME NOW **U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., U.S. Xpress Enterprises,**

AO 72A
(Rev.8/82)

**Inc.**, and **Sandra Patterson**, **Defendants** in the above-captioned matter, and file **their** Notice of Removal ..." (Doc. 1) (emphasis added). Further, Defendants' collectively allege that "**all** process served upon such **Defendants** in such action are attached hereto as 'Exhibit A.'" (Doc. 1) (emphasis added). Accordingly, the Court is not persuaded by Defendants' argument and finds that the failure to attach the summons served on all Defendants does not comply with the requirements of 28 U.S.C. § 1446(a).[3] The question remains whether such a defect can be cured by amendment.

In response to Defendants' motion to supplement or amend their notice of removal, Plaintiffs assert that because the time for filing a notice of removal pursuant to 28 U.S.C. § 1446(b) has expired, the time for permitting an amendment to the removal petition has also expired. Although Plaintiffs cite a few district court cases from Alabama that support their position, the Court finds that these cases are outliers and that their holdings are contrary to controlling Eleventh Circuit precedent. Indeed, the Eleventh Circuit has already rejected the arguments advanced by Plaintiffs here, holding that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is

---

[3]     Defendants are not required to file with the removal notice copies of all the discovery served on them in the state court below as those documents do not constitute "process, pleadings, and orders" as contemplated by Section 1446(a).

not a jurisdictional defect." Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (citing Covington v. Indemnity Ins. Co. of N. Am., 251 F.2d 930, 933 (5th Cir. 1958); Usatorres v. Marina Mercante Nicaraguenses, S.A., 768 F.2d 1285, 1286 (11th Cir.1985); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2008) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand.")).

As recently recognized by Judge Forrester in this district, "the Eleventh Circuit has held that a defendant's failure to attach copies of all state court process and pleadings constitutes a procedural defect that can be cured by leave to amend after the thirty day period has expired." Miller v. All Star, Inc., No. 1:09-cv-03551-JOF, 2010 WL 1410554, *2 (N.D.Ga. March 30, 2010) (Forrester, J., adopting R&R of Baverman, M.J.) (citing Usatorres, 768 F.2d at 1286 (failure to file papers required by removal statute can be remedied); Woodall v. Ins. Co. of N. Am., 582 F.Supp. 247, 248 (N.D.Ga.1984) (removing party can amend petition beyond 30 day period to attach missing copies of state court documents); Covington, 251 F.2d 930 (5th Cir.1958) (noting that time period for filing removal

is not jurisdictional, court held that omitted documents could be supplied after time for removal had expired); 28 U.S.C. § 1447(b)).

Plaintiffs' attempt to distinguish the above se cases as binding precedent is unavailing. Plaintiffs' contention that <u>Covington</u> has no application to a case where a timely motion to remand has been filed after the time for filing the notice of removal has expired has no merit. Contrary to Plaintiffs' argument, the plaintiff in <u>Covington</u> did, in fact, file a motion to remand. <u>See Covington</u>, 251 F.2d at 932. The court in <u>Covington</u> specifically addressed the issue whether a removal notice may be amended to include pleadings and orders served upon the defendant prior to removal after the time for removal had expired. <u>Id.</u> at 933. Reasoning that the time period for filing the removal notice is not jurisdictional in nature, the court in <u>Covington</u> held that the failure to attach all documents required by the removal statute could be cured after the time for removal had expired. <u>Id.</u>; <u>see also</u> <u>Woodall</u>, 582 F.Supp. at 247-48 (holding that even though 30-day period for filing removal petition had expired, defendant could amend its notice in order to attach missing copies of all documents filed in state court, despite the plaintiffs' opposition to the motion for leave to amend).

Furthermore, Plaintiffs' assertion that <u>Usatorres</u> is distinguishable because it involved a plaintiff's complaint that a defendant had failed to attach a motion to the

AO 72A
(Rev.8/82)

removal petition that had never been served on him is not persuasive.  After

holding that "[b]ecause the motion was not 'served upon him,' there was no

requirement that the defendant file it with the district court," the Court in <u>Usatorres</u>

went on to note that "even if the motion were among the papers the removal statute

required to be filed ... the failure to file papers required by the removal statute may

be remedied."  <u>Usatorres v. Marina Mercante Nicaraguenses, S.A.</u>, 768 F.2d 1285,

1286-87 (11th Cir. 1985); <u>see also Agee v. Huggins</u>, 888 F.Supp. 1573, 1577

(N.D.Ga.1995) ("Defendant's failure to file the documents complained of by

Plaintiff is not grounds for remand. Rather, the subsequent filing of these

documents is the proper remedy.").

    Plaintiff is essentially asking this Court to change the law of this circuit with

respect to this issue.  However, since this Court is bound by the Eleventh Circuit's

decisions in <u>Cook v. Randolph County, Ga.</u>, <u>Usatorres v. Marina Mercante</u>

<u>Nicaraguenses, S.A.</u>, and <u>Covington v. Indemnity Ins. Co. of N. Am.</u>,[4]

the Court finds that the cases cited by Plaintiffs are not persuasive.  Therefore,

Plaintiffs' motion to remand is hereby **DENIED**, Defendants' motion to

supplement and amend their notice of removal is hereby **GRANTED**, and

---

    [4]    This Court is bound by the precedent of the United States Court of Appeals for the Fifth Circuit prior to October 1, 1981.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

13

Plaintiffs' motion to strike Defendants' motion to supplement and amend is hereby **DENIED**.

### B. Defendants' motion to dismiss and motion to transfer venue

Defendant Patterson, a resident of Tennessee, filed a motion to dismiss for lack of personal jurisdiction under the Georgia long-arm statute and the due process clause of United States Constitution. Subsequently, the U.S. Xpress Defendants filed a motion to transfer venue pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406 asserting that it is proper to transfer this case to the United States District Court for the Eastern District of Tennessee, Southern Division at Chattanooga where personal jurisdiction would exist for all Defendants. Because the Court agrees for the reasons discussed herein and because Section 1406(a) authorizes transfer of a case "whether the court in which it was filed had personal jurisdiction over the defendants or not," it is not necessary for the Court to decide the motion to dismiss. See Goldlawr, Inc. V. Heiman, 369 U.S. 463, 466 (1962). Indeed, Defendants acknowledge that the motion to dismiss would be rendered moot if the motion to transfer is granted. Accordingly, Defendant Patterson's motion to dismiss is **DENIED AS MOOT** and Defendants' motion to transfer is **GRANTED** for the reasons set forth below.

AO 72A
(Rev.8/82)

A district court may transfer any civil action to any other district or division where it might have been brought "for the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Section 1404(a) was enacted to facilitate "easy change of venue within a unified federal system." Veba-Chemie A.G. v. M/V Getafix, 711 F.2d 1243 (5th Cir. 1983) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 265, 102 S.Ct. 252, 70 L.E.2d 419 (1981). "When considering a motion to transfer, trial judges are afforded considerable discretion in weighing the three criteria under 28 U.S.C. § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice." Tommy Bahama Group, Inc. v. The Walking Co., No. 1:07-CV-1402-ODE, 2007 WL 3156254, at * 2 (N.D. Ga. Oct. 18, 2007 )(Evans, J.) (citing England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1519 (11th Cir. 1988)); see also Soroka v. Lee Technologies Services, Inc., No. 1:06-CV-0710-TWT, 2006 WL 1734277, at *3 (N.D. Ga. 2006) (Thrash, J.) (stating that the court is vested with broad discretion in making the determination whether to transfer a case for the convenience of the parties and in the interest of justice). In the Eleventh Circuit, these three considerations are broken down into nine separate factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling

15

witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The Defendants contend that these factors weigh in favor of transferring this case to the Eastern District of Tennessee.

### 1. Whether action could have been brought in alternate forum

As an initial matter, the Court must determine whether the present action could have been brought in the United States District Court for the Eastern District of Tennessee. Tommy Bahama Group, Inc., 2007 WL 3156254, at * 2. Defendants contend there is no doubt that Plaintiffs could have filed the case in that court. Plaintiffs do not appear to expressly dispute this contention. A civil action where jurisdiction is based upon diversity of citizenship may be brought in a judicial district: (1) where any defendant resides, if all defendants reside in the same State; (2) where a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated; or (3) where any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Defendants assert that all Defendants are subject to personal jurisdiction in Tennessee. Specifically, Defendants U.S. Xpress

16

Enterprises, Inc., U.S. Xpress Leasing, Inc., and U.S. Xpress, Inc. contend that their principal place of business, and thus, where they "reside," is located in Hamilton County, Tennessee. <u>See</u> 28 U.S.C. § 1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...."). Defendant Sandra Patterson submitted an Affidavit attesting that she is a resident and citizen of Tennessee. Defendants further contend that the collision which is the basis for Plaintiffs' claims occurred in Bradley County, Tennessee.

The Court finds that this case could have originally been brought in the Eastern District of Tennessee, and therefore turns to the central issue in this case: whether the Eastern District of Tennessee would be a more convenient forum than the Northern District of Georgia. The burden is on Defendants to show that the balance of conveniences weighs in favor of the transfer. <u>In re Ricoh Corp.</u>, 870 F.2d 570, 573 (11th Cir. 1989).

AO 72A
(Rev.8/82)

## 2. Convenience of the parties and witnesses

Defendants contend that Tennessee is a more convenient forum because the majority of the parties to the suit reside there. Plaintiffs are the only parties residing in Georgia. Defendant Sandra Patterson resides in Tennessee and each of the corporate Defendants have their principal place of business in Tennessee.

Although the convenience of party witnesses is relevant, the critical determination under this factor is the convenience of the forum to key non-party witnesses. See Luis Hidalgo, et al v. Ohio Security Insurance Co., et al, No. 4:10-CV-0183-HLM, at p. 57 (N.D. Ga. February 24, 2011) (Murphy, J.) ("Hidalgo"); Ramsey v. Fox News Network, LLC, 323 F.Supp.2d 1352, 1357 (N.D. Ga. 2004); Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp., No. 7:05-CV-122 (HL), 2006 WL 131412, at *5 (M.D. Ga. May 11, 2006) (finding that "the location of party witnesses is afforded little weight. In contrast, the location of key non-party witnesses is afforded more weight in the transfer analysis because they may be unwilling to testify, and the district in which the case is tried has a direct effect on whether parties can compel non-party witnesses to testify."); Merswin v. Williams Companies, Inc., No. 1:08-CV-2177-TWT, 2009 WL 249340, at *6-7 (N.D.Ga. Jan. 30, 2009) (Thrash, J.).

AO 72A
(Rev.8/82)

The Court finds that the convenience of key witnesses in this case weighs in favor of transferring the case to the Eastern District of Tennessee.

> The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another, and the focus of the Court should be on the convenience of "key witnesses." Additionally, there is a distinction between party witnesses and non-party witnesses. Party witnesses are the parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses. Given the fact that, when possible, live testimony is preferred over other means of presenting evidence, the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue . . .The analysis of the convenience of the witnesses does not boil down to which party produces the longer list of witnesses that will be inconvenienced by a particular forum. Rather, in addition to the weight accorded non-party witnesses, the Court's focus is on those witnesses which will be key to conducting the trial. When considering a transfer of venue, the key witnesses are those which have information regarding the liability of Defendant. Damage witnesses are accorded less weight due to the fact that without liability, there are no damages to recover.

Ramsey, 323 F.Supp.2d at 1356-57 (internal citations omitted). Here, almost all of the non-party witnesses are located in Tennessee. As a result of both the collision and ensuing death of Matthew Nam having occurred in Tennessee, the majority of the witnesses with knowledge of Defendants' alleged liability either reside and/or work in Tennessee. These witnesses include: the Tennessee Department of Transportation ("DOT") and/or Department of Safety personnel who were operating the mobile truck inspection station where the collision occurred; the

19

Tennessee state troopers and State DOT officers who investigated the collision and the vehicles involved; the first responders to the collision, emergency medical service personnel; emergency room and other hospital personnel where Matthew Nam was admitted; and the photographers who photographed the scene of the accident. The court finds that these witnesses would be inconvenienced by a trial in the Northern District of Georgia and that transferring this case to the Eastern District of Tennessee would alleviate the burden on them, and will permit the use of compulsory process to secure live testimony. Ramsey, 323 F.Supp.2d at 1357; see also Hidalgo, No. 4:10-CV-0183-HLM, at p. 60 ("the Court finds that the majority of the key witnesses – the law enforcement officers, first responders, and eyewitnesses – all reside in Tennessee. The Court therefore concludes that the convenience of the parties and eyewitnesses factor counsels in favor of transferring this action to the Eastern District of Tennessee.").

In response, Plaintiffs assert a host of reasons why the Eastern District of Tennessee is not a more convenient forum for the witnesses in this case. However, the court finds Plaintiffs' proffered reasons unpersuasive and substantially baseless. Initially, Plaintiffs assert that "depositions in Chattanooga are conducted just as easily as they are here in Atlanta, including by subpoena issued by a federal court under Rule 45, the name of the Court at the top with the Court of origin might

20

be different, but a Federal subpoena is a federal subpoena." Similarly, Plaintiffs contend that the case need not be transferred because the testimony of many of the witnesses sought to be used by Defendants can be provided through videotape deposition. However, the court's ability to use compulsory process to obtain live testimony of key witnesses, as well as the cost and convenience of producing them for trial, is an important factor and cannot be so easily dismissed by the parties. See Ramsey, 323 F.Supp.2d at 1357 (citing Southeastern Equipment Co., Inc. v. Union Camp Corp., 498 F.Supp. 164, 166 (S.D.Ga.1980)). The Court finds that there is not a reasonable basis here to require a trial by videotape when transfer of the action to Tennessee is otherwise merited.

The remainder of Plaintiffs' arguments center around an attempt to discredit the relevancy of the witnesses who are located in Tennessee, including the first responders and medical personnel who were present at the scene of the accident. The Court is not convinced that the testimony of these witnesses is unnecessary as represented by Plaintiffs, rather these may be the key witnesses who can offer evidence bearing on Defendants' alleged liability. Ramsey, 323 F.Supp.2d at 1357 (finding that liability witnesses are accorded more weight than damages witnesses).

AO 72A
(Rev.8/82)

On the other hand, Plaintiffs argue that venue in Georgia is proper because "the plaintiffs, their family members, Matthew's minister, classmates, neighbors, UGA students and professors, UT students who live in Georgia but reside in TN, etc. are all Georgia residents and have volunteered, begged, to testify in this case on Matthew's parents behalf." Although Plaintiffs do not characterize them as such, it is clear these witnesses are "damage witnesses" and under the reasoning of Ramsey, "[d]amage witnesses are accorded less weight due to the fact that without liability, there are no damage to recover." Id.; see also Hidalgo, No. 4:10-CV-0183-HLM, at p. 60 (finding that the plaintiffs' argument that many of the witnesses concerning damages resided in Georgia missed the mark). Plaintiffs here have named as witnesses numerous friends and relatives of the decedent Matthew Nam, and as the Ramsey court recognized, "it stands to reason that they would be more willing to travel to a different forum than the key liability witnesses," most of whom reside in Tennesee. Ramsey, 323 F.Supp.2d at 1357. Indeed, by indicating in their briefing that these witnesses have volunteered and even begged to testify, Plaintiff has acknowledged this fact. Additionally, the court notes that the Eastern District of Tennessee is located in Chattanooga, approximately 2 hours by car from Atlanta. This distance is not likely to impose an insurmountable travel obstacle for any of the Plaintiffs' witnesses.

AO 72A
(Rev.8/82)

Plaintiffs' residence in Georgia notwithstanding, the convenience of the parties and the key witnesses in this case weighs in favor of transfer. The majority of the potential party and non-party witnesses are residents of Tennessee. These witnesses will be greatly inconvenienced should this case remain in this District. Transferring this case to the Eastern District of Tennessee will alleviate the burden on them, and most significantly, will permit the use of compulsory process to secure live testimony. See Merswin, 2009 WL 249340, at *7.

### 3. Location of relevant documents and relative ease of access to sources of proof

Defendants contend that the relevant documentation and other sources of proof are located in Tennessee. Such evidence includes documents relating to the mobile weight station (where the collision occurred) and highway signage related thereto and the accident investigation reports. In addition, Defendants contend that because the principal place of business of the corporate Defendants is located in Tennessee any documents or sources of proof held by those Defendants will be in Tennessee. See Rigby, 2006 WL 1312412, at *5 (finding that because "the overwhelming majority of the relevant documentation is located at Defendant's principal place of business, which is located in the proposed forum, this factor also weighs in favor of transferring the case" ). Finally, Defendants contend that because the alleged tortious activity and the collision occurred in Tennessee it is

23

likely that most other sources of proof would also be located in Tennessee. See AGSouth Genetics LLC v. Terrell Peanut Co., 2009 WL 4893588, *3 (M.D. Ga. Dec. 9, 2009). Plaintiffs did not present any counter-argument on this factor. The Court finds that because the collision occurred in Tennessee, the majority of the witnesses reside in Tennessee, and the corporate Defendants' principal place of business is located in Tennessee, this factor weighs in favor of transfer to the Eastern District of Tennessee. See Hidalgo, No. 4:10-CV-0183-HLM, at pp. 61-62.

    **4.    Locus of operative facts**

There is no dispute that the collision and Matthew Nam's resulting death from which this case arose occurred in Bradley County, Tennessee. Once again, Plaintiffs did not present any express counter-argument on this factor. However, Plaintiffs do contend that "the first negligent acts relating to this collision" occurred in Georgia when Defendant Sandra Patterson picked up the tractor-trailer from Defendants' Georgia facility. According to Plaintiffs, had the Defendants properly conducted a pre-trip inspection, the truck would have been removed from service and thus would not have been on the road the day of the collision. While this issue certainly is relevant, evidence regarding the truck and pre-trip inspection should still be easily available if the case is transferred. Overall, the Court finds

24

that this factor still weighs in favor of transferring the case to the Eastern District of Tennessee.  See Tommy Bahama, 2007 WL 3156254, at *3 (finding that case should be transferred where "the core of the action itself arises out of these materials that were discussed and created in California"); Rigby, 2006 WL 1312412, at *4 (finding in favor of transfer to the forum where the majority of events relevant to the action occurred).

**5.    Availability of process to compel the attendance of unwilling witnesses**

As stated above, the court's ability to use compulsory process to obtain live testimony of key witnesses, as well as the cost and convenience of producing them for trial, is an important factor in determining whether a transfer of venue is warranted.  See Ramsey, 323 F.Supp.2d at 1357; Southeastern Equipment Co., Inc. v. Union Camp Corp., 498 F.Supp. 164, 166 (S.D.Ga.1980)); Hidalgo, No. 4:10-CV-0183-HLM, at pp. 62-63 (finding that because key non-party witnesses are law enforcement personnel and medical responders who might not be willing or available to take time off from their public safety jobs to travel to Norther District of Georgia to testify, the "availability of compulsory process" factor weighed in favor of transferring the case to the Eastern District of Tennessee).  Where, the majority of the key non-party witnesses reside in Tennessee and Plaintiffs'

witnesses residing in Georgia have volunteered to testify, this factor weighs in favor of transferring the case to the Eastern District of Tennessee.

**6.     Relative means of the parties**

Defendants contend that if this action is not transferred to the Eastern District of Tennessee, all parties are expected to incur thousands of dollars in expenses relating to the videotaping of depositions of numerous witnesses whose testimony will be needed at trial.  However, Defendants do not contend that they do not have the ability to bear these costs.  Plaintiffs respond that a transfer of this case to the Eastern District of Tennessee would defy logic where the costs of the litigation would be shifted to Plaintiffs despite the fact that Defendant U.S. Xpress is one of the largest and most profitable corporations engaged in motor carrier operations in the country.  Accordingly, in consideration of the increased financial burden on Plaintiffs, the Court finds that this factor weighs against transfer of the case to the Eastern District of Tennessee.  However, the court notes that the "'financial positions of the parties can be a significant factor in a transfer decision,' but it alone cannot defeat transfer where, as here, the bulk of the other relevant factors clearly favor transfer." <u>Merswin</u>, 2009 WL 249340, at *8 (quoting <u>Moghaddam v. Dunkin Donuts, Inc.</u>, No. 02-60045, 2002 WL 1940724, at *4

26

(S.D.Fla. Aug.13, 2002) (unpublished) (citing <u>Bolton v. Tesoro Petroleum Corp.</u>, 549 F.Supp. 1312, 1317 (E.D.Pa.1982))).

**7. Forum's familiarity with the governing law**

The Court must apply the choice of law rules for the state in which it sits – Georgia. <u>Hidalgo</u>, No. 4:10-CV-0183-HLM, at p. 11 (citing <u>Ferguson v. Trans World Airlines, Inc.</u>, 145 F.Supp. 2d 1304, 1308 (N.D. Ga. 2000). In tort actions, "Georgia courts look to the law of the state where the injury occurred." <u>Ferguson</u>, 145 F.Supp.2d at 1308. "[T]he <u>lex loci delicti</u>, or place of the tort or wrong, determines the substantive rights of the parties." <u>Id.</u> Under Georgia law, the place of the tort or wrong is the place where "'the last event necessary to make an actor liable for an alleged tort'" occurs. <u>Id.</u> (quoting <u>Wardell v. Richmond Screw Anchor, Co.</u>, 133 Ga. App. 378, 380, 210 S.E.2d 854, 856 (1974) (internal quotation marks omitted)). Here the place of the wrong is Tennessee, where the collision occurred, and the Court ordinarily must apply Tennessee tort law. <u>See Ohio S. Express Co. V. Beeler</u>, 110 Ga. App. 867, 868, 140 S.E.2d 235, 236 (1965) (applying Tennessee law where collision between tractor-trailer and automobile occurred in Tennessee).

"Generally, courts sitting in the state whose substantive law applies are favored in determining whether a case should be transferred." <u>Rigby</u>, 2006 WL

AO 72A
(Rev.8/82)

1312412, at *5. Although this Court is capable of applying Tennessee law, the Court acknowledges that Tennessee courts are more familiar with the laws of their home state. The Court therefore finds that this factor weighs in favor of transfer pursuant to Section 1404(a). Hidalgo, No. 4:10-CV-0183-HLM, at pp. 65-66 (citing Great Am. E&S Ins. Co. V. North Seattle Cmt. Coll. Found., No. 3:09-cv-8(CDL), 2009 WL 2912908, at *4 (M.D. Ga. Sept. 2. 2009) ("The Washington court has the advantage of being more familiar with Washington law than a federal court sitting in Georgia, so this factor weighs in favor of transfer.").

### 8. Plaintiff's choice of forum

Generally, the plaintiff's choice of forum is given great deference when considering a motion to transfer. Haworth, Inc. v. Herman Miller, Inc., 821 F.Supp. 1476, 1479 (N.D.Ga.1992). However, "it has also been noted that '[t]he plaintiff's statutory privilege of choosing his forum is a factor, held in varying degrees of esteem, to be weighed against other factors in determining the convenient forum. That factor is not controlling. Ultimately the trial judge must use his [or her] discretion.'" Tommy Bahama Group, Inc., 2007 WL 3156254, at * 2 (quoting Garner v. Wolfinbarger, 433 F.2d 117, 119 (5th Cir.1970)). "A plaintiff's choice of forum is afforded less weight, however, if the majority of the operative events occurred elsewhere." Hidalgo, No. 4:10-CV-0183-HLM (N.D. Ga.

AO 72A
(Rev.8/82)

February 24, 2011) (quoting <u>Merswin v. Williams Cos., Inc.</u>, No. 1:08-CV-2177-TWT, 2009 WL 249340, at *6). Here, both the collision and the death of Matthew Nam occurred in Bradley County, Tennessee. The Court therefore finds that Plaintiffs' choice of forum is entitled to less deference in this case. <u>Id.</u>; <u>see also</u> <u>Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.</u>, 2006 WL 131412, at *5 (M.D. Ga. 2006). Therefore, this factor neither weighs in favor of, nor against, a Section 1404(a) transfer of venue.

**9.    Trial efficiency and the interests of justice, based on the totality of the circumstances**

Courts have enumerated several factors to consider when assessing whether the interests of justice counsel in favor of venue transfer, "[a]ccess to evidence, availability of witnesses, the cost of obtaining witnesses, the possibility of a jury view, and all other practical problems that make trial of a case easy, expeditious and inexpensive," are to be considered. <u>Tommy Bahama</u>, 2007 WL 3156254, at *3 (quoting <u>Moore v. McKibbon Bros., Inc.</u>, 41 F.Supp.2d 1350, 1357 (N.D.Ga.1998) (internal quotations and citations omitted). Here, the interests of justice are best served by transferring the case to the Eastern District of Tennessee. Given that the evidence relating to the collision and resulting death of Matthew Nam is located in Tennessee; the majority of the key non-party witnesses reside in Tennessee; and the core of the action itself arises out of events occurring solely in Tennessee, the

Court does not find that Georgia has a strong connection to this case. Having considered both parties' arguments, the Court finds that this case should be transferred to the Eastern District of Tennessee in the interests of justice and efficient management of the trial of this matter.

### III.  Conclusion

Accordingly, the Court **DENIES** Plaintiffs' motion to remand to state court [Doc. 4], **GRANTS** Defendants' motion to supplement and amend their notice of removal [Doc. 5], **DENIES** Plaintiffs' motion to strike defendants' motion to supplement and amend their notice of removal [Doc. 7], **DENIES AS MOOT** Defendant Patterson's motion to dismiss [Doc. 2], **GRANTS** Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404, and **GRANTS** Defendants' motion for leave to file sur-reply in support of motion to transfer venue, [Doc. 23].

**IT IS SO ORDERED,** this 27th day of April, 2011.


**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

AO 72A
(Rev.8/82)