UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLIAM NAM, *et al.*,             )
                                   )
       Plaintiffs,          )
                                   )    1:11-cv-116
v.                                 )    *Mattice / Lee*
                                   )
U.S. XPRESS, INC., *et al.*,       )
                                   )
       Defendants.          )

## ORDER

Before the Court is a motion to amend the complaint [Doc. 174] filed by Plaintiffs William Nam and Jin Nam. Plaintiffs seek to amend the complaint to increase the *ad damnum* clause and to assert additional claims and factual allegations under various legal theories and under both Tennessee and Georgia state law. Defendants U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., U.S. Xpress Enterprises, Inc. and Sandra Patterson filed a response in opposition to the proposed amendment [Doc. 187]. Defendants assert that the portion of Plaintiffs' proposed amendment which asserts claims pursuant to Georgia state law is improper because Tennessee law, not Georgia law, applies to this action. Defendants acknowledge that the standard for amendment under Federal Rule of Civil Procedure 15 is a liberal one and do not oppose amendment in general, but object to the inclusion of any claims based on Georgia state law in Plaintiffs' proposed amended complaint and seek an order striking any Georgia law claims from the amended complaint.

Rule 15 provides that after the time that amendment as a matter of course has expired, a party may seek consent from the opposing party for any amendment or may move to amend, and "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of

notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted).

Here, the deadline for amendment of pleadings set forth in the Court's Scheduling Order [Doc. 53] was February 28, 2012, and Plaintiffs' motion to amend was therefore filed timely. Defendants make no argument with respect to prejudice, futility, or bad faith, and there is no evidence the amendment would implicate any of these concerns. As the amendment does not fail for one of the above reasons, the requested amendment will be allowed. This order does not address Defendants' argument that the "law of the case" should be applied to strike all claims asserted by Plaintiffs under Georgia state law, and nothing herein prevents the parties from addressing this issue in an appropriate dispositive motion. Indeed, Plaintiffs have indicated an intent to file a dispositive motion on this issue in their reply [Doc. 193].

Accordingly, Plaintiffs' motion to amend the complaint [Doc. 174] is **GRANTED** and Plaintiffs are **ORDERED** to file the Amended Complaint within **7 days** of the entry of this Order.

SO ORDERED.

ENTER:

                                                                  s/ *Susan K. Lee*
                                                                  SUSAN K. LEE
                                                                  UNITED STATES MAGISTRATE JUDGE